Merle **BARTNICK**, as Trustee for the Heirs and next of kin of Earl Prinsen, Deceased, Plaintiff-Appellant,

v.

**READER COMPANY, INC.,** a Minnesota Corporation, et al., Defendants-Appellees.

Nos. 73–1461, 73–1622.

United States Court of Appeals, Eighth Circuit.

Dec. 3, 1973.

Timothy J. McCoy, Minneapolis, Minn., filed appendix and brief for appellant.

John C. DeMoss, Minneapolis, Minn., filed brief for appellees, Reader Company, Inc., and Robert D. Sargent.

Phillip A. Cole, Minneapolis, Minn., filed brief for appellee, Phillips Drill Co., Inc.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This appeal raises an issue of jurisdiction, which issue we deem appropriate for summary resolution under Rule 9(a) of the Rules of this Court.[1] The record discloses that Merle Bartnick, a citizen of South Dakota, sues as trustee in a representative capacity for a widow and children, all citizens of Minnesota, and next of kin of Earl Prinsen, deceased, and seeks damages for the alleged wrongful death of decedent-Earl Prinsen. Plaintiff alleges jurisdiction resting on diversity of citizenship between the South Dakota trustee and the defendants, one of whom resides in Minnesota.

Here the trustee serves as a representative of living persons, *i.e.*, the widow and next of kin of Earl Prinsen, deceased. *See* Minn.Stat.Ann. § 573.02 (Supp.1973). Under these circumstances, an appointment solely to create diversity jurisdiction will not be recognized by federal courts. The district court properly dismissed the action. This case is controlled by the principles

enunciated in Rogers v. Bates, 431 F.2d 16, 18–22 (8th Cir. 1970). *Cf.* O'Brien v. Stover, 443 F.2d 1013, 1015–1016 (8th Cir. 1971).

Affirmed.

---

1. Rule 9(a) reads:
 (a) *On The Motion Of The Court.* The court may at any time, on its own motion and without notice, dispose of an appeal summarily, except that notice must be given if the appeal is in forma pauperis, a certificate of probable cause has been issued, and briefs have not been filed. The court may dismiss an appeal that is not

within the jurisdiction of the court or that it finds to be frivolous and entirely without merit, or may affirm or reverse when the questions presented do not require further argument.