■ In the Matter of TOWN OF COLONIE et al., Appellants, v CHARLES CAHILL et al., Constituting the Albany County Industrial Development Agency, et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Travers, J.), entered August 16, 1990 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

In June 1989 respondent Albany County Industrial Development Agency (hereinafter the Agency), as the fee owner of commercial property located at Exchange Street in the City of Albany and Town of Colonie, notified petitioner Town of Colonie that the Agency's lessee, respondent Exchange Street Associates (hereinafter Associates), planned to develop this property into an office warehouse complex. In furtherance of this project, Associates submitted a conceptual site plan for the Agency's approval and an application under the State Environmental Quality Review Act (ECL art 8) in the form of an environmental assessment form (hereinafter EAF). Prior to a scheduled July 14, 1989 meeting to determine the significance of the environmental impact of the planned development, the Town was provided copies of the site plan and EAF and asked for written comments on the development.

When the plan was approved at the July 14, 1989 meeting, the Town was not present. In November 1989 the Town commenced a CPLR article 78 proceeding against the Agency and its members. In December 1989, Associates moved to intervene and to dismiss the petition. Supreme Court granted Associates status as an intervenor/respondent and dismissed the Town's petition for lack of a formal Town Board resolution authorizing the commencement of the proceeding.

On April 19, 1990 the Town Board passed a resolution authorizing the commencement of legal action. On May 1, 1990 a second CPLR article 78 proceeding was commenced by the Town against the Agency. Thereafter, in August 1990 Supreme Court granted a motion to dismiss the Town's petition on the ground that it was not timely commenced. The Town then filed a notice of appeal and also moved in this court, pursuant to CPLR 5518, for an order granting a preliminary injunction to enjoin respondents from taking any action on the plan approved at the July 14, 1989 meeting. This motion was granted in November 1990.

The dispositive issues on appeal are whether the provisions of CPLR 205 (a) are applicable because of the Town's failure to

obtain a resolution authorizing the commencement of the first CPLR article 78 proceeding, and, if so, whether the second article 78 proceeding was properly dismissed as untimely. Respondents assert that a resolution by the Town Board as required by Town Law § 65 (1) authorizing the commencement of the initial CPLR article 78 proceeding relates to the merits of petitioner's claim because without such authority no one is authorized to sue in the Town's name. Accordingly, respondents argue that CPLR 205 (a) is inapplicable to the factual pattern herein. We disagree. CPLR 205 (a) permits a new action to be commenced within six months after a prior timely commenced action is terminated for any reason except by voluntary discontinuance, neglect to prosecute or on the merits by final judgment, none of which occurred herein (see, Fleming v Long Is. R. R., 72 NY2d 998, 999). Because petitioner's first proceeding was timely commenced, the second proceeding must be accorded the same status within the meaning of CPLR 205 (a).

Next, respondents, citing to Matter of Top Tile Bldg. Supply Corp. v New York State Tax Commn. (94 AD2d 885, appeal dismissed 60 NY2d 653, appeal dismissed 465 US 1095), also argue that petitioners' failure to comply in a timely fashion with the statutory requirement of Town Board approval deprives the court of jurisdiction to entertain this appeal. Again, we disagree. CPLR 205 (a) operates to save an action that has been terminated for a reason unrelated to the merits of the underlying claim (see, Matter of Morris Investors v Commissioner of Fin. of City of N. Y., 69 NY2d 933, 936). When a party's suit is dismissed for failure to comply with a procedural prerequisite, CPLR 205 (a) allows the party to cure the defect and recommence the suit within six months (see, Carrick v Central Gen. Hosp., 51 NY2d 242, 252). Here, the failure of the Town Board to timely adopt a resolution authorizing the commencement of the initial CPLR article 78 proceeding in no way impacted on the merits of its claim which sought to annul the Agency's July 14, 1989 resolution approving the site plan. Further, Town Law § 65 (1), unlike Tax Law § 1138 (a) (4) relied upon in Matter of Top Tile Bldg. Supply Corp. v New York State Tax Commn. (supra), does not require fulfillment of conditions precedent prior to the commencement of an action or proceeding. In contrast, Town Law § 65 (1) states that the Town Board "may authorize and direct any town officer or officers to institute" an action, and it "shall be the duty of any officer or officers so authorized and directed to institute said action".

Thus, it is clear that because Town Law § 65 (1) did not require a formal Town Board resolution authorizing the commencement of legal action, the judgment granting respondents' motion to dismiss the petition must be reversed.

Judgment reversed, on the law, with costs, and motion denied. Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.