Margaret **DELGADO,** Plaintiff,

v.

**NEW YORK CITY DEPARTMENT OF CORRECTION, New York State Department of Correction, et al., Defendants.**

**90 Civ. 0663 (VLB).**

United States District Court,
S.D. New York.

Aug. 31, 1992.

Beth G. Schwartz, Lincoln Square Legal Services, Inc., New York City, for plaintiff.

Joseph A. Tranfo, Asst. Corp. Counsel, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

■ This is a prisoner's civil rights suit alleging assaults and denial of medical treatment. The New York State Department of Correctional Services has moved to dismiss the complaint against it on Eleventh Amendment grounds.

Having reviewed the Report and Recommendation of United States Magistrate Judge James C. Francis IV dated March 30, 1992, and having noted that no objections to such Report and Recommendation have been filed, I accept Judge Francis' Report to the extent outlined below and adopt his Recommendation that the complaint be dismissed as to the defendant New York State Department of Correctional Services for the reasons outlined below.

While research may suggest that the original intent of the Eleventh Amendment was not to create state sovereign immunity, but rather to eliminate diversity jurisdiction in suits by citizens of one state against another state (Gibbons, *The Eleventh Amendment and State Sovereignty: A Reinterpretation*, 83 Colum.L.Rev. 1889 (1983); Jackson, *The Supreme Court, the Eleventh Amendment and State Sovereign Immunity*, 98 Yale L.J. 1 (1988)), the Amendment continues to be construed to bar direct relief in federal courts against states or their agencies, as distinct from relief against state officials, unless Congress has abrogated applicability of the Amendment pursuant to one of its delegated powers, or the state has waived application of the Amendment. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989); *Port Authority Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990).

■ Plaintiff has consented to dismissal of her case against the state agency, but has asked that conditions be imposed authorizing service on the state agency by mail and barring its assertion of the statute of limitations as a defense based on lapse of time during the pendency of the federal action. I deny the request to impose these conditions.

I have endorsed the conclusion of the Magistrate Judge that the court lacks jurisdiction over the claim. Although I agree with the Magistrate Judge's conclusion that no conditions should be attached to the dismissal of the complaint against the state agency involved and adopt his recommendation to that effect, I do not adopt the Magistrate Judge's reasoning in that regard.

■ I need not consider whether the Eleventh Amendment as now construed to create nontextual implied state sovereign immunity also prevents attachment of federal jurisdiction where not based on diversity—rather than merely barring damage and injunctive relief against a state agency (as contrasted to such relief against its

officials).[1] Regardless of the answer to that somewhat esoteric question, a court in any event has jurisdiction to supervise the orderly completion of the litigation process and to avoid procedural abuses injurious to any party.[2]

But such jurisdiction need not be exercised here. The conditions sought by plaintiff are neither necessary nor appropriate. Proper service on a state agency may be made under state law, and there is thus no need to consider imposing a condition authorizing such service. Pendency of this action tolls statutes of limitations with respect to the factual claims involved as against parties to this case without the need for imposition of any express condition to that effect. See generally *Cullen v. Margiotta*, 811 F.2d 698, 727 (2d Cir.1987); N.Y.CPLR 205(a); *Town of Colonie v. Cahill*, 172 A.D.2d 904, 567 N.Y.S.2d 956 (3d Dep't 1991).

The complaint as against the New York State Department of Correctional Services is dismissed.

SO ORDERED.

---

**1.** See *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

**2.** See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (imposition of sanctions under Fed.R.Civ.P. 11 after dismissal of complaint); *Wojan v. GMC*, 851 F.2d 969 (7th Cir.1988) (same, where dismissal was for lack of jurisdiction).