**Lance JACKSON, Petitioner,**

v.

**Daniel SENKOWSKI, Superintendent, Respondent.**

**No. 92 Civ. 7215(VLB).**

United States District Court, S.D. New York.

Feb. 27, 1993.

Lance Jackson, pro se.

John J. Gibson, Asst. Dist. Atty., Office of the Dist. Atty., White Plains, NY, for respondent.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Lance Jackson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asking that his state court conviction for assault, robbery and criminal possession of a weapon be set aside. The chief claim made in the petition is that petitioner was wrongly convicted because contrary to the prosecution's contentions, he was the victim of an attack by the prosecution's complaining witness rather than the aggressor.

On January 25, 1993, I directed that the transcript of the trial and other materials including the police reports concerning the incident involved be provided. By letter of February 22, 1993 the District Attorney of Westchester County, representing respondent, has objected to the portion of the January 25, 1993 order directing production of the police reports on the ground that petitioner raises no claim of withholding of exculpatory evidence under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that other issues raised by the petition must be evaluated based on the trial record, and that in any event a review of the police reports by the District Attorney reveals no "material and exculpatory material." [1]

Because petitioner is acting *pro se,* I interpret the claims made in the petition to embrace the legal characterizations applicable to the factual allegations he makes, even though those are not set forth in technical legal language. The trial transcript furnished by the District Attorney indicates that petitioner's claim of having been the victim rather than aggressor in the confrontation involved is not based on any of the evidence at trial. I accordingly conclude that petitioner is necessarily asserting that material and exculpatory evidence indicating that petitioner was not the aggressor was withheld by the prosecution in violation of *Brady.*

I am not required to accept the District Attorney's conclusions concerning whether the police reports do or do not contain any exculpatory material as defined under *Brady,* but I am prepared to examine the reports *in camera* if the District Attorney contends that their revelation to petitioner would jeopardize any person or ongoing investigation. See *United States v. Zolin,* 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989).

Inasmuch as I find that a *Brady* claim is asserted in this case, however inarticulately, I overrule the objection to the portion of my prior order concerning police reports, and direct that all police reports pertaining (1) to the incident on which the prosecution of petitioner was based, (2) to petitioner, or (3) to the complaining witness, be provided to me.

SO ORDERED.

February 22, 1993

The Honorable Vincent L. Broderick

United States District Court

United States Courthouse

101 East Post Road

White Plains, New York 10601

Re: *Jackson v. Senkowski*

92 Civ. 7215 (VLB)

Your Honor:

Pursuant to your Order dated January 25, 1993, the Office of the District Attorney, Westchester County, as respondent, has served upon the Court a copy of the state court trial transcripts of the criminal prosecution of the petitioner. The Court's Order also seeks production of police reports with respect to the above conviction which were never admitted into evidence at trial as part of the state court prosecution. For the following reasons respondent respectfully objects to the part of the Order which seeks production of the police reports.

What respondent finds most troubling is that the federal habeas court seeks to conduct *de novo* fact finding by going beyond the evidence of the state court trial record on appeal. Federal habeas courts are not forums in which to relitigate state trials (*Bare-*

---

1. Because the District Attorney's letter contains no indication of having been sent to petitioner pursuant to Fed.R.Civ.P. 5(a), that letter is attached to and made part of this memorandum order.

*foot v. Estelle,* 463 US 880, 887). Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution; not to make a *de novo* redetermination of petitioner's innocence or guilt.

Consequently, the scope of federal habeas review of the evidence of a state court trial is limited; the habeas court is empowered only to consider whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. It is the responsibility of the trier of fact during the state court trial to have resolved conflicts in the testimony, to have weighed the evidence, and to have drawn reasonable inferences from basic facts to ultimate facts (*Jackson v. Virginia,* 443 US 307, 318–319). This limited standard of review does not permit a federal habeas court to make its own subjective determination of guilt or innocence (*Id.* at 320, n. 13). Thus, the standard of review under *Jackson* does not ask whether the trier of fact made the correct decision of guilt but whether it made a rational decision.

Moreover, the standard of review of the sufficiency of the evidence review under *Jackson* is limited to *record* evidence. *Jackson* does not extend to *non* record evidence, including any newly discovered evidence (*Herrera v. Collins,* — U.S. —, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)).

In the instant habeas proceeding, the respondent's statement of the facts is based solely upon the state court trial record (Affirmation in Opposition dated December 11, 1992, at p. 4–11). In no matter whatsoever did the statement of facts rely nor refer to the Court Ordered police reports because they simply never had been admitted into evidence as part of the state court trial record. Accordingly, at trial the subject police reports had never even been shown to the triers of fact. Therefore these *non* record reports can not be reviewed by the federal habeas court under the *Jackson* standard which is limited to trial court record facts.

Furthermore, petitioner raises no *Brady* claim. In any event, a review of the police reports themselves reveal no material and exculpatory material; thus there is no consti-

tutional violation under *Brady v. Maryland,* 373 U.S. 83.

Assuming arguendo, that the habeas court infers a claim of newly discovered evidence as to the police reports, such a claim can not be reviewed for it has not been adequately exhausted below before the state courts (*Daye v. Attorney General,* 696 F.2d 186). In addition, such a claim fails to raise a federal constitutional question. A claim based on newly discovered evidence never raises a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding (*Herrera v. Collins, supra,* at 4110).

In sum, based upon the above reasons, the respondent respectfully requests an amendment to the above Order so as to strike the reference to production of the subject police reports. Thank you in advance for your consideration in this matter.

Very truly yours,

CARL A. VERGARI
District Attorney
John J. Gibson
JOHN J. GIBSON
Assistant District Attorney