John J. Gibson, Asst. Dist. Atty., Office of the Dist. Atty., County of Westchester, White Plains, NY, for respondent.

**Lance JACKSON, Petitioner,**

v.

**Daniel SENKOWSKI, Superintendent, Respondent.**

No. 92 Civ. 7215 (VLB).

United States District Court, S.D. New York.

March 19, 1993.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

**I**

Lance Jackson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 asking that his state court conviction for assault, robbery and criminal possession of a weapon be set aside. The chief claim made in the petition is that petitioner was wrongly convicted because contrary to the prosecution's contentions, he was the victim of an attack by the prosecution's complaining witness rather than the aggressor.

On January 25, 1993, I directed that the transcript of the trial and other materials including the police reports concerning the incident involved be provided. By memorandum order dated February 27, 1993, 814 F.Supp. 9, I overruled objections by the District Attorney of Westchester County, representing respondent, to the portion of the January 25, 1993 order directing production of the police reports on the ground that petitioner raised no claim of withholding of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The District Attorney has now complied with my January 25, 1993 and February 27, 1993 decisions and I have reviewed the police reports *in camera* pursuant to *United States v. Zolin*, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989) although the District Attorney also indicates that some of the information was already turned over to defense counsel as impeachment material at trial.

## II

■ Petitioner's assertion that he was the victim of an assault by the complaining witness rather than the aggressor would, if factually supported, present an important question under the Fourteenth Amendment. One might well be deprived of liberty without due process if incarcerated for attempting to defend one's life or liberty from risk of being taken by an aggressor. All states appear to recognize a defense of self-defense; security of the person is an obvious component of the domestic Tranquillity which was one of the original objectives of the Constitution; according to Article 3 and the Preamble of the United Nations Declaration of Human Rights, sponsored as well as approved by the United States, everyone "has the right to life, liberty and security of person," which "should be protected by the rule of law."

■ Petitioner's claim to have been accosted by the complaining witness is contrary to the trial evidence that petitioner entered the witness' place of employment after which the altercation ensued. The initial defensive posture of the complaining witness, rather than petitioner, makes petitioner's claim of self-defense questionable. See generally Jacobs, *Privileges for the Use of Deadly Force Against A Residence Intruder*, 63 Temple L.Rev. No. 1 at 31 (Spring 1990).

There is no indication that any evidence of self-defense on the part of petitioner was (a) withheld by the District Attorney, (b) rejected at trial, or (c) not permitted to have been argued at trial. Petitioner did not testify at trial and submits no corroboration of his assertion that the trial outcome was erroneous.

Petitioner's other assertions in the petition are so vague as not to constitute factual claims, and to the extent specific content can be attributed to them, are lacking in merit. Accordingly, I deny the petition and direct the clerk to close this case.

**SO ORDERED.**