**Richard P. LUCAS, Petitioner,**

v.

**Charles SCULLY, Superintendent, Respondent.**

**No. 92 Civ. 8610 (VLB).**

United States District Court, S.D. New York.

Oct. 23, 1993.

Richard P. Lucas, pro se.

Stephen F. Lungen, Dist. Atty., Monticello, NY, for respondent.

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District Judge.

### I

Richard P. Lucas initiated this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on September 28, 1992, challenging his imprisonment for 25 years to life upon on a conviction on October 28, 1981 of second degree murder. An earlier petition challenging the constitutionality of petitioner's conviction was denied by Judge Kram on August 15, 1989 in a 48–page decision in 86 Civ 1206. The current petition challenges petitioner's sentence on the new, additional ground that it is based on "materially false information and unconstitutionally obtained convictions" contained in the presentence re-

port, which petitioner "was not allowed to see ... at sentencing" and which petitioner did not see until 1991.

Inability to examine the presentence report in connection with petitioner's 1981 conviction could have been raised on direct appeal or as part of petitioner's first *habeas corpus* petition. Petitioner provides no reasons for his failure to do so, explaining only his delay in objecting to the contents of the report.

The allegation of improper sentencing based on erroneous information in the presentence report was raised in and rejected in state court on December 23, 1991. However, the alleged refusal to permit petitioner to see the presentence report at the time of sentence—which is central to petitioner's explanation of his waiting to raise the current complaint now—has never been previously presented to the state court as far as can be ascertained, either at the time of sentencing, in subsequent appeals, or at any time, nor was it included in the previous federal *habeas corpus* petition.

Petitioner's delay from 1981 to 1991 in raising the issue of inability to examine the presentence report has important repercussions. At this late date it is difficult to determine what occurred in connection with prior convictions in other states and other facts apart from those convictions which may have been relevant to petitioner's sentence. Information dating from 1981 and earlier is necessarily stale. The sentencing judge is deceased and no longer in a position to elucidate what factors were considered in sentencing.

The sentencing judge stated that he based petitioner's sentence primarily on the nature of the crime before him in this murder case. Transcript at 7–8.

## II

■ *Habeas corpus* as a bulwark of liberty permits the federal courts to obtain whatever factual information is necessary to avert miscarriages of justice. I have not hesitated to ask for such information where relevant even if the petition is inartful in describing the issues presented. See *Jackson v. Senkowski,* 817 F.Supp. 6 (S.D.N.Y.1993).

Factfinding is crippled, however, when time is allowed to pass without taking readily available steps to raise an issue. Unexcused failure to ask for relief in state court in a timely manner, and without raising the underlying procedural issue of denial of access to the presentence report, violates the spirit and objectives of the requirement of recourse to state remedies contained in 28 U.S.C. § 2254(b).

■ Petitioner's failure to raise his inability to obtain the presentence report—if not his objections to its contents—in 86 Civ. 1206 constitutes an abuse of procedures established for protection of constitutional rights. I find that "failure of the petitioner to assert those grounds in [the] prior petition constituted an abuse of the writ." Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

■ Similarly, petitioner's delay until the sentencing judge is no longer available to claim inability to obtain the presentence report requires dismissal of the petition under Rule 9(a) of the Rules. The state is obviously prejudiced by the delay and petitioner cannot show "that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred" as required by that Rule.

Further, petitioner has had the functional equivalent of resentencing when a different, independent state court judge reviewed petitioner's sentence and found "adequate independent grounds to justify ... imposing the maximum sentence against this defendant" apart from any prior convictions. *People v. Lucas,* 67/75, Dec. 23, 1992 at 2 (George B. Ceresia, J.).

The petition is denied. Because this petition involves abuse of the Great Writ, I decline to issue a certificate of probable cause for appeal under Rule 22, Federal Rules of Appellate Procedure and find that any appeal filed from this decision would not be taken in

good faith for purposes of 28 U.S.C. § 1915(a).[1]

SO ORDERED.

1. The precise issue presented here—that resentencing should be ordered—has been presented to and rejected by the state courts, and hence the petition should be considered on the merits rather than rejected on grounds of federalism, although the original event claimed to have been responsible for petitioner's complaint, failure to provide the presentence report earlier, was not.

By accepting the adequacy of state remedies which were afforded through the reconsideration of sentence which occurred, I accord comity to state adjudication. Under these circumstances, the interests of such comity and of federalism are best served by reaching the merits. *Washington v. James*, 996 F.2d 1442 (2d Cir.1993).