Margaret **DELGADO,** Plaintiff,

v.

**NEW YORK CITY DEPARTMENT OF CORRECTION, New York State Department of Correction, et al., Defendants.**

**No. 90 Civ. 0663 (VLB).**

United States District Court, S.D. New York.

Dec. 13, 1993.

---

Beth G. Schwartz, Lincoln Square Legal Services, Inc., New York City, for plaintiff.

Naomi Sheiner, Asst. Corp. Counsel, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

In this damage suit growing out of incidents while plaintiff was imprisoned, and brought under 42 U.S.C. § 1983,[1] United States Magistrate Judge James C. Francis IV has filed a Report and Recommendation dated September 22, 1993 recommending dismissal of some of plaintiff's claims as set forth at pages 12–13 of the Report and Recommendation. I approve and adopt the Report and Recommendation, which is made a part of this memorandum order. The facts and the conclusions of the Magistrate Judge need not be repeated here. Those claims set forth in the carryover sentence beginning at the bottom of page 12 and ending at the top of page 13 of the Report and Recommendation are dismissed.

### II

Plaintiff objects to the portion of the Report and Recommendation relating to dismissal of two officials listed on the third line from the bottom of page 12 of the Report and Recommendation.[2] The objections are based on the failure of those persons to interview other inmates quickly enough after an incident involving plaintiff, so that they would have been more readily locatable as potential witnesses plaintiff could have called at a disciplinary hearing. No claim is made that plaintiff was prevented from calling witnesses, nor that any specific witness or witnesses were subsequently found who would have testified in favor of plaintiff but did not do so because not located in time.

It is impermissible for governmental authorities, knowing of a crucial witness who might be helpful to a defendant, to conceal such a witness. *United States v. de Trabuc*, 1989 WL 38119 (S.D.N.Y. April 7, 1989) (Palmieri, J.). But it is not required that governmental authorities take affirmative steps to interview all possible witnesses so as to be able to assist the defense. *United States v. Yanishefsky*, 500 F.2d 1327 (2d Cir.1974).

Were prison officials required by federal law to give priority at the time of a violent or potentially violent incident to locating and interviewing prisoners who might have witnessed such an incident, this obligation would doubtless interfere and compete with their other obligations to an unpredictable but potentially significant extent, hazardous to institutional safety and correctional goals. See *Ponte v. Real*, 471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985).

Although constitutional standards for prison disciplinary hearings have been articulated, no decision, statutory enactment or constitutional provision imposing such an obligation as that now sought to be imposed has been found or cited. See generally *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974); *Freeman v.*

---

1. See also *Delgado v. New York City Dept of Correction*, 797 F.Supp. 327 (S.D.N.Y.1992).

2. The names of natural persons other than plaintiff's name in the caption are omitted from this memorandum order.

*Rideout*, 808 F.2d 949, 953 (2d Cir.1986), *cert. denied* 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988).

Such a requirement if imposed on the public sector in a prison disciplinary context would appear to apply *a fortiori* in a criminal investigation. Its absence in the criminal investigation context suggest its absence in the present situation as well.

 Law enforcement agency investigations must be directed at securing justice, not at convicting targeted suspects, and hence broad discovery of the results of their inquiries is appropriate absent countervailing factors. See Fed.R.Crim.P. 16; *United States v. Zanfordino*, 833 F.Supp. 429 (S.D.N.Y.1993). Further, impartial investigative efforts which might be ordered if still possible, may not necessarily for that reason be requirements which if not met will vitiate an otherwise fair factfinding proceeding or permit a party to sue for damages.

Legal, like other historical fact-finding is inexact. *Compare* Cahn, "Fact Skepticism: An Unexpected Chapter," 38 NYU LRev 1025 (1963); J. & B. Frank, *Courts on Trial* (1963) *with* B. Tuchman, *The First Salute* (1988). Insistence on impossible precision is more likely to result in derailing reasonable but imperfect justice than it is to lead to the hoped-for near-perfection in factfinding. The best possible factfinding, not perfection is to be sought, because demand for perfection may resulting in vitiating the factfinding process entirely; overdeterrence of failure to take every possible step which might with the aid of hindsight appear to have been desirable is as likely to undermine efforts to secure fairness as lack of external review of the process.

 In criminal prosecutions, exculpatory evidence must be provided to the defense even without a request. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); see also *Tate v. Wood*, 963 F.2d 20 (2d Cir.1992); *Jackson v. Senkowski*, 814 F.Supp. 9 (S.D.N.Y.1993); *United States v. Manhattah Brush Co*, 38 F.R.D. 4 (S.D.N.Y. 1965); Capara, "Access to Exculpatory Evidence," 53 Fordham LRev 391 (1984). No authority has been cited or found indicating that even this broad duty, requires law enforcement personnel to set aside other perhaps equally pressing obligations in order affirmatively to search out all possible witnesses within the shortest feasible time on the chance that they might possibly testify in favor of a particular potential suspect.

Reasonable but not all conceivably possible efforts to obtain witnesses are all that is necessary even where a hearsay exception is sought to be invoked. See *White v. Illinois*, —— U.S. ——, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992); *Ohio v. Roberts*, 448 U.S. 56, 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980); *California v. Green*, 399 U.S. 149, 165, 90 S.Ct. 1930, 1938, 26 L.Ed.2d 489 (1970); see also *Benjamin v. Kelly*, 1993 WL 120379 1993 US Dist LEXIS 5009 (S.D.N.Y. Apr 14, 1993).

SO ORDERED.