Lakeshore v. FDIC                    CV-91-55-B      05/25/94

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


Lakeshore Realty Nominee Trust,
Antonio Katsikas, Trustee

        v.                                Civil No. 91-55-B

FDIC and John Kemp


**O R D E R**

Plaintiff's claims against the FDIC in this action were stayed on March 13, 1991 to allow plaintiff to exhaust his administrative remedies under the Financial Institution Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). Two days later, the clerk of court directed the parties to file periodic status reports beginning on June 1, 1991. Plaintiff's initial status report stated that he filed his administrative claim with the FDIC on or about May 21, 1991. In all subsequent status reports, the most recent of which was filed on February 3, 1994, plaintiff's counsel claimed that the stay should be continued because "the matter is still pending before the FDIC administrative process." Notwithstanding plaintiff's claims to the contrary, the FDIC completed its administrative review of plaintiff's claim on November 4, 1991, when it denied the claim.

The FDIC moves to dismiss plaintiff's claims against it in

this action because plaintiff failed to take affirmative steps to reactivate his claims in this court within 60 days of the denial of the administrative claim. In making this argument, the FDIC invokes 12 U.S.C.A. § 1821(d)(6)(B) (West 1989).[1] Plaintiff concedes that he did nothing to reactivate his claim within the 60-day period specified in § 1821(d)(6)(B). Nevertheless, he argues that the FDIC's motion should be denied because § 1821(d)(6)(B) does not require that he take any affirmative steps to "continue" his action. I disagree.

In <u>Rey v. Oak Tree Sav. Bank</u>, the Federal District Court for the Eastern District of Louisiana gave the following

---

[1] 12 U.S.C.A. § 1821(d)(6)(B) provides:

> If any claimant fails to-
>   (i) request administrative review of any claim in accordance with subparagraph (A) or (B) or paragraph (7); or
>   (ii) file suit on such claim (or continue an action commenced before the appointment of the receiver),
> before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

interpretation to § 1821(d)(6):

> the only reasonable and natural reading of
> §§ 1821(d)(6)(A) and (B) is that the 60-day
> period applies to all three options set out
> in the statute's text: administrative review,
> filing actions, and pending actions.  The
> court finds no reason, nor do plaintiffs
> provide one, to interpret the 60-day period
> as applying to administrative review and
> newly-filed suits but not to pending cases,
> other than perhaps the fact that the
> "continued" language is contained in
> parentheses.
>
> FIRREA's legislative history supports the
> RTC's interpretation of §§ 1821(d)(6)(A) and
> (B) and, helpfully, indicates the nature of
> the act required of a plaintiff.  The House
> Report discussing FIRREA's administrative
> review process states:
>
>> After exhaustion of streamlined
>> administrative procedures, a
>> claimant has a choice to either
>> bring a claim de novo in the
>> District Court . . . or have the
>> claim determination reviewed by . .
>> . administrative process . . . .
>> Any suit (<u>or motion to renew a suit
>> filed prior to the appointment of
>> the receiver</u>) must be brought by
>> the claimant within 60 days after
>> the denial of the claim.
>
> H.R. Rep. No. 101-54(I), 101st Cong., 1st
> Sess., <u>reprinted in</u> 1989 U.S. Code Cong. &
> Admin. News, 86, 214 (emphasis added), <u>quoted
> in</u> In re Federal Deposit Ins. Corp., 762 F.
> Supp. 1002, 1005 (D. Mass. 1991).

817 F.Supp. 634, 636 (E.D. La 1993).  I find this reasoning

persuasive.[2]  Accordingly, since plaintiff did nothing to attempt to have the stay lifted in this case within the 60-day period described in § 1821(d)(6), I grant defendant's motion to dismiss.

Plaintiff's claims against the FDIC are dismissed.  The court will hold a status conference with the remaining parties on June 20, 1994 at 3:00 p.m.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 25, 1994

cc:  Thomas R. Watson, Esq.
     Jeffrey A. Zall, Esq.
     John W. Kemp, pro se

_____

[2]Plaintiff invokes this court's opinion in New Bank of New England, N.A. v. Callahan, 798 F.Supp. 73, 76 (D.N.H. 1992) for the proposition that a claimant need not take affirmative steps to reactivate his or her claim in federal court after the FDIC denies the claimant's administrative claim.  As the court observed in Callahan, the FDIC provided no support for its position in that case.  Id.  After reviewing the information produced by the FDIC in the present case, I decline to follow Callahan because I conclude that the court's position in Rey more closely follows the language of § 1821(d)(6).

4