Curtis GREEN, as Trustee for the Heirs
of Dustin Green, Deceased,

v.

LAKE OF THE WOODS COUNTY, et al.

No. 4–92–CV–501.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 16, 1993.

James R. Schwebel, Schwebel, Goetz &
Sieben, Minneapolis, MN, for plaintiff.

Mark J. Condon, Chadwick Johnson &
Condon, Minneapolis, MN, for Lake of the
Woods County.

Blake Steven Sobolik, Robert K. Severson,
Brink, Sobolik, Severson, Vroom & Malm Pa,
Hallock, MN, for Emil Olson.

Dennis Leslie O'Toole, Lano, Nelson,
O'Toole & Fecker, Grand Rapids, MN, for
Donald Kofstad.

Kurt John Marben, Thief River Falls, MN,
for Arnesens Rocky Point, Inc.

Andrea May Nelson, Burton D. Anderson
& Assoc., Minneapolis, MN, for Lake Road
Lodge Inc.

Romaine Ralph Powell, Powell, Lang &
Schuppert, Bemidji, MN, for Vernon Horntvedt.

## ORDER

ROSENBAUM, District Judge.

A tragic motor vehicle accident, resulting
in the death of a minor child, has given rise
to a question of federal jurisdiction. The
child lived and died in Minnesota. All of the
defendants are citizens of Minnesota. Plaintiff, the child's father, is a citizen of Illinois

who has been appointed trustee for the heirs of his son. The question presented is whether the father's Illinois citizenship provides diversity jurisdiction in this Court.

The defendants move to dismiss for lack of subject matter jurisdiction, pursuant Rule 12(b)(1), Federal Rules of Civil Procedure (Fed.R.Civ.P.). Plaintiff is opposed. The matter was briefed and argument was heard on October 23, 1992.

*Background*

On June 5, 1991, an automobile driven by Cheryl Green collided with a truck driven by Brian Curtis Olafson. The accident occurred at the intersection of County Road 17 and Township Road 241 in Lake of the Woods County, Minnesota. Dustin Green, the two-year-old son of Cheryl Green, was a passenger in the automobile driven by his mother. Dustin died as a result of the collision. Dustin was a resident and citizen of Minnesota at the time of his death. All defendants reside, are located, or have their principal place of business in Minnesota.

Plaintiff Curtis Green resided in Oklahoma at the time of the accident and has since move to Illinois. On June 20, 1990, Mr. Green was appointed by the Hennepin County District Court as trustee for decedent's next of kin, pursuant to Minnesota's Wrongful Death Act, Minn.Stat. § 573.02 (1992). On May 22, 1992, Mr. Green, as trustee, commenced this action in United States District Court on behalf of the heirs of Dustin Green. Plaintiff alleges diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

Defendants move to dismiss for lack of subject matter jurisdiction. Defendants assert that the citizenship of Dustin Green, and not the citizenship of Curtis Green, controls the question of diversity. Defendants argue that Curtis Green's position as trustee under Minnesota's Wrongful Death Act falls within 28 U.S.C. § 1332(c)(2). Section 1332, as amended by the Judicial Improvements Act of 1988, provides that:

(c) For the purposes of this section ...

(2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

28 U.S.C. § 1332(c)(2). They argue that plaintiff is a "legal representative of the estate of a decedent" so that the decedent's Minnesota citizenship controls, and destroys any diversity of citizenship between the parties.

Plaintiff responds that under Minnesota law he is a "trustee of an express trust," within the meaning of Rule 17(a), Fed.R.Civ. P.[1] As such, plaintiff claims that he is the real party in interest and his Illinois citizenship controls in determining diversity jurisdiction. He further argues that a trustee of an express trust is not a "legal representative" within the contemplation of § 1332(c)(2).

This Court must decide whether the Illinois citizenship of the plaintiff, and his status as "the trustee of an express trust" under Minnesota's Wrongful Death Act, places him beyond the reach of 28 U.S.C. § 1332(c)(2). For the reasons set forth below, the Court finds that the plaintiff falls within § 1332(c)(2), and that diversity is lacking in this case. Accordingly, defendants' motion to dismiss is granted.

*Analysis*

In the absence of a federal question, diversity of citizenship can provide access to the federal courts. The Supreme Court has held that only "complete diversity" of citizenship between plaintiffs and defendants can satisfy this requirement. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187, 110 S.Ct. 1015, 1016, 108 L.Ed.2d 157 (1991) (*quoting Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Diversity jurisdiction may not be premised upon the citizenship of merely nominal or formal parties. *Navarro Sav. Ass'n v. Lee,* 446 U.S.

---

1. Rule 17(a), Fed.R.Civ.P., provides, in pertinent part, that:

Every action shall be prosecuted in the name of the real party in interest. An executor, ...

trustee of an express trust, ... or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought....

458, 460–61, 100 S.Ct. 1779, 1781–82, 64 L.Ed.2d 425 (1980). Jurisdiction must rest upon the citizenship of "real and substantial parties to the controversy." *Id.*

■ At the same time, Rule 17(a), Fed. R.Civ.P., provides that a trustee of an express trust is a real party in interest for procedural purposes. *See id.* at 462, 100 S.Ct. at 1782. Plaintiff's appointment as trustee under Minnesota's Wrongful Death Act qualifies him as a "trustee of an express trust" under Rule 17(a). *Todd County, Minn. v. Loegering,* 297 F.2d 470 (8th Cir. 1961). The fact that the plaintiff is the "trustee of an express trust," and therefore the "real party in interest" under Rule 17(a), does not, however, conclude the Court's inquiry.

■ The Court must consider whether the plaintiff may also be considered "the legal representative of the estate of a decedent," under § 1332(c)(2). A party may satisfy the requirements of Rule 17(a) and still be subject to the operation of § 1332(c)(2). "The two rules serve different purposes and need not produce identical outcomes in all cases."

*Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 462 n. 9, 100 S.Ct. 1779, 1783 n. 9, 64 L.Ed.2d 425 (1980).

The parties have not cited to any case law addressing the interplay between Rule 17(a) and § 1332(c)(2),[2] and the Court has found none.[3] The Court, therefore, looks to the language of the amendment and its legislative history to determine the scope of Congress's term "legal representative."

Congress amended § 1332 with the general purpose of limiting the federal courts' diversity jurisdiction.[4] Congress added § 1332(c)(2) to prevent the collusive appointment of out-of-state representatives to create diversity jurisdiction. 134 Cong.Rec. S16299 (1988) (statement of Sen. Heflin). To better understand the amendment, it is necessary to look briefly at the history of the anti-collusion statute, 28 U.S.C. § 1359.

Prior to the Judicial Improvement Act of 1988, the circuit courts of appeals addressed manufactured diversity by applying 28 U.S.C. § 1359. A split developed in the circuits as to the proper test to be applied.[5] The circuits utilized either the "motive/func-

---

**2.** The plaintiff relies upon *Todd County, Minn. v. Loegering,* 297 F.2d 470 (8th Cir.1961). *Loegering* involved a resident decedent and a nonresident trustee appointed under Minnesota's Wrongful Death Act. The trustee initiated suit in federal court on behalf of the heirs. The court held that the trustee's citizenship was determinative for purposes of diversity, stating that her appointment under the act made plaintiff "a 'trustee of an express trust ...' and as such, empowered to bring action in her own name, without joining with her the party or parties for whose benefit the action was brought." *Id.,* 297 F.2d at 472. *Loegering* is certainly of interest, but because it was decided prior to the enactment of 28 U.S.C. § 1332(c)(2), the Court does not consider it controlling.

The Court also notes that even in *Loegering* the legal representative's title was ultimately determined to be irrelevant. In deferring to the trial court, the Eighth Circuit concluded that the only reason Minnesota adopted the term "trustee" in 1951 was to alleviate the need to go before the probate court to have an administrator or executor appointed. *Loegering,* 297 F.2d at 473 (*quoting Minnehaha County, S.D. v. Kelley,* 150 F.2d 356 (8th Cir.1945)). The trustee, then, was no different from an executor or administrator—terms which fit within the narrowest readings of § 1332(c)(2). *See infra.*

**3.** In *Northern Trust Co. v. Bunge Corp.,* 899 F.2d 591 (7th Cir.1990), the Seventh Circuit provided a brief overview of the amended § 1332, and the "exceptions" to the statutory requirements, including Rule 17(a). *Id.* at 594. The Court, however, was not directly presented with the interplay between Rule 17(a) and § 1332(c)(2) because the plaintiff in *Northern* was not proceeding as a trustee. *Id.* at 595 n. 3.

**4.** Along with adding § 1332(c)(2), the Judicial Improvements Act of 1988 increased the amount in controversy required for diversity jurisdiction from $10,000 to $50,000. By this enactment, the Judiciary Committee rejected the proposal to abolish all diversity jurisdiction, which had come from the Subcommittee on Courts, Civil Liberties, and the Administration of Justice. But the House Report indicates that the Committee believed the increase in amount of controversy would cut the federal courts' caseload by up to forty percent. H.R.Rep. No. 100–889, 100th Cong., 2d Sess. 45 (1988), *reprinted in* 1988 USCCAN 5982, 6006.

**5.** For an extensive survey of this split, see *Pallazola v. Rucker,* 797 F.2d 1116 (1st Cir.1986).

tion" test or the "substantial stake" test. The "motive/function" test asked whether "collusion exists when the fiduciary and the applicant for his appointment seek an artificial appointment for the purpose of creating diversity jurisdiction." *Pallazola v. Rucker*, 797 F.2d 1116, 1122 (1st Cir.1986) (*citing McSparran v. Weist*, 402 F.2d 867 (3d Cir. 1968), *cert. denied, sub nom Fritzinger v. Weist*, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969)). This test suggested that motive for the appointment could not be ignored. *Pallazola*, 797 F.2d at 1122. This approach was criticized, however, because it required extensive fact-finding and because "it expel[led] from federal court litigants from different states who have a real, substantial controversy." *Id.* (*citing* Mullenix, *Creative Manipulation of Federal Jurisdiction: Is There Diversity After Death?*, 70 Cornell L.Rev. 1011, 1033–34 (1985)).

The alternative "substantial stake" test asked whether "the fiduciary sustains more than a nominal relationship to the litigation." *Bishop v. Hendricks*, 495 F.2d 289, 294 (4th Cir.1974), *cert. denied*, 419 U.S. 1056, 95 S.Ct. 639, 42 L.Ed.2d 653 (1974). This approach, in turn, was criticized because diversity could be established even though a fiduciary was appointed for the purpose of creating diversity. *Pallazola*, 797 F.2d at 1124. Further, diversity could be destroyed for lack of a substantial stake, even though the fiduciary was not appointed to create diversity. *Id.* In other words, the courts which applied the "substantial stake test" were criticized for ignoring the motive behind the appointment. *Id.* at 1125.

The American Law Institute (ALI) proposed to resolve the inter-circuit dispute in 1969. Their "per se" rule deemed the decedent's citizenship to be controlling. The ALI proposed that:

*An executor, administrator, or any person representing the estate of a decedent or appointed pursuant to statute with authority to bring an action for wrongful death is deemed to be a citizen only of the same state as the decedent;* and the representative of an infant or incompetent is given similar treatment. The purpose is to prevent either the creation or destruction of diversity jurisdiction by the appointment of a representative of different citizenship from that of the decedent or person represented.

American Law Institute, *Study of the Division of Jurisdiction between State and Federal Courts § 1301(b)(4)*, at 11 (1969), reprinted in Field, *Jurisdiction of Federal Courts: A Summary of American Law Institute Proposals*, 46 F.R.D. 141, 143 (1969) (emphasis added).

The Court determines that Congress adopted the ALI's approach as part of the 1988 amendments to the diversity statute. *See* David D. Siegel, *Changes in Federal Jurisdiction and Practice Under the New Judicial Improvements and Access to Justice Act*, 123 F.R.D. 399, 409 (1989). Section 1332(c)(2) merely substituted the single term "legal representative" for the ALI's enumerated fiduciaries. When considered in this historical context, it is clear that Congress chose the single term "legal representative" as a simple—and encompassing—term.[6]

Plaintiff urges a narrower interpretation, suggesting that this Court construe the term "legal representative" to exclude a trustee of an express trust. The Court finds such a narrow construction to be contrary the purpose of the 1988 amendments. To construe § 1332(c)(2) to include only "administrators" and "executors" but not "trustees" within the meaning of Minnesota's Wrongful

---

**6.** This is also consistent with the definition of "legal representative" found in 20 C.F.R. § 404.-503 which states:

Definition of legal representative. The term "legal representative," for the purpose of qualifying to receive an underpayment, generally means the administrator or executor of the estate of the deceased individual. However, it may also include an individual, institution or organization acting on behalf of an unadministered estate.... The following persons may qualify as a legal representative ...
(4) A person who has the authority, under the applicable law, to collect the assets for the estate of the deceased individual.

Death Act would lead to differing results, depending on the statutory term utilized in the state in which a district court sits. The name a given state legislature chooses for its "legal representative of the estate of a decedent" should not govern federal diversity jurisdiction.[7] If this were possible, the state legislatures would, perforce, be empowered to select—or reject—a name which would confer or deny access to the federal courts in an interstate wrongful death action.

The Court finds that plaintiff, as appointed trustee under Minnesota's Wrongful Death Act, is a "legal representative of the estate of a decedent" within the meaning of 28 U.S.C. § 1332(c)(2) and decedent's citizenship controls. Because the decedent was a citizen of Minnesota, and all defendants reside or have their principal place of business in Minnesota, this Court lacks diversity jurisdiction.

Accordingly, based on the files, records, and pleadings herein, and for the reasons stated above, IT IS ORDERED that:

Defendants' motion to dismiss is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

7. For example, Georgia's statute empowers the "administrator or executor" to bring the wrongful death action on behalf of the decedent's next of kin. Ga.Code Ann. § 51–4–4 (1982). Under plaintiff's narrow construction of § 1332(c)(2), a decedent's citizenship would destroy diversity when Georgia law is applied, while diversity jurisdiction would be available under Minnesota law.