Julia M. LIU, personal representative of the Estate of Chao–Hua Liu, deceased, Plaintiff,

v.

WESTCHESTER COUNTY MEDICAL CENTER, County of Westchester and Anjani Dubey, MD, Defendants.

No. 92 Civ. 7271 (VLB).

United States District Court, S.D. New York.

Nov. 24, 1993.

Norman Cousins, New York City, for plaintiff.

Marina G. Nisi, Schiavetti, Geisler, Corgan, Soscia, DeVito, Gabriele & Nicholson, White Plains, NY, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This diversity of citizenship case brought pursuant to 28 USC 1332 involves alleged medical malpractice leading to the wrongful death of plaintiff's decedent. Both the decedent and all defendants are citizens of New York. Only the decedent's representative (the nominal plaintiff Liu) resides elsewhere (in Maryland).

While none of the parties raised the question of whether or not jurisdiction exists under these circumstances, I informed the parties of my duty to examine the question on my own initiative and invited their views. I now dismiss this case for lack of subject matter jurisdiction without having considered the merits of any of the claims or defense advanced.

### II

The Judicial Improvements Act of 1988, Public Law 100–702, 102 Stat 4646, added 28 USC 1332(c)(2), providing that for purposes of determining diversity of citizenship "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ..."

The intent of the 1988 amendment was to avoid permitting the residency of fiduciaries for decedents to affect diversity jurisdiction. Prior to 1988 the importance of the residence of a decedent's representative for diversity purposes lent itself to manipulation and forum shopping. See *Chappedelaine v. Dechenaux*, 8 U.S. (4 Cranch) 306, 2 L.Ed. 629 (1808); *Mecom v. Fitzsimmons Drilling Co*, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931). This, in turn, led to substantial side litigation concerning whether choice of an out-of-state fiduciary was collusively made in order to manufacture diversity, contrary to 28 USC 1359. See *McSparran v. Weist*, 402 F.2d 867 (3d Cir.1968), *cert. denied* 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969); *O'Brien v. Avco Corp.*, 425 F.2d 1030 (2d Cir.1969).

Wrongful death actions are brought by fiduciary nominal plaintiffs seeking to recompense beneficiaries, in the generic as well as often in the testamentary sense, of the decedent. Nominal plaintiffs bringing wrongful death suits are thus "representatives" of an "estate" of the decedent, although defined by wrongful death statutes and decisions rather than by testamentary instruments.

### III

Holding the citizenship of the decedent, not the representative, controlling in diversity suits based on wrongful death makes a pre-existing non-manipulable fact determinative for diversity purposes. This furthers the objective of the 1988 amendment

to 28 USC 1332 of preventing forum shopping and avoiding unnecessary ancillary litigation concerning the jurisdictional issue.

Neither the text of 28 USC 1332(c)(2) nor this interpretation either expands or contracts federal diversity of citizenship jurisdiction.[1] Instead, it pinpoints more accurately the questions relevant to the objectives of diversity, insuring against local partiality in litigation, while reducing the amount of controversy over operative facts determining the existence of non-existence of such jurisdiction.

■ Holding the citizenship of the decedent determinative for diversity purposes respects the purposes of the diversity of citizenship provision of Article III of the Constitution, by permitting invocation of federal diversity jurisdiction where there may be a risk of local prejudice.[2] At the same time, this interpretation of 28 USC 1332(c)(2) avoids unnecessary additions to federal judicial dockets because of manipulation of jurisdiction or disputes concerning existence of diversity. See Fed.R.Civ.P. 1. Local prejudice is most unlikely to exist in wrongful death suits in which the decedent and defendants were citizens of the same State.

The interpretation adopted here was also reached in *Green v. Lake of the Woods County*, 815 F.Supp. 305 (D.Minn.1993).[3]

1. Congress has resisted efforts to eliminate diversity jurisdiction. In 1988, Congress amended without substantially restricting the provision of the Judicial Code providing for diversity cases (28 USC 1332), thereby reaffirming its importance.

   The principal change in 28 USC 1332 adopted in 1988 was to adjust the minimum amount in controversy exclusive of interest and costs to reflect inflation, raising it from $10,000 to $50,000. Compare Federal Civil Penalties Inflation Adjustment Act, 104 Stat. 890 (1990), discussed in H.Rep. 697, 101st Cong., 2d Sess., reprinted in 1990 U.S.Code Cong. & Admin.News No. 8 at 1334, 1446.

2. See *Martin v. Hunter's Lessee*, 14 U.S. 304, 1 Wheat. 304, 347, 4 L.Ed. 97 (1816); Friendly, "The Historic Basis of the Diversity Jurisdiction", 41 Harv.L.Rev. 483 (1928). Diversity jurisdiction was provided in § 11 of the first Judiciary Act, 1 Stat 73, 78 (1789), although no general federal question jurisdiction was established at that time.

## IV

■ Where a dismissal is required after substantial litigation because of unexcused delay by one or more parties in raising a dispositive matter, legal fees and other costs may be awarded to the party disadvantaged by such conduct. *Basso v. Utah Power & Light Co*, 495 F.2d 906, 911 (10th Cir.1974); *Page v. Wright*, 116 F.2d 449, 454–55 (7th Cir.1940), *cert. dismissed* 312 U.S. 710, 61 S.Ct. 831, 85 L.Ed. 1142 (1941); *North American Foreign Trading Corp. v. Zale Corp.*, 83 F.R.D. 293, 297 (S.D.N.Y.1979). Because this dismissal is entered at the outset of this diversity case, there is no occasion to award legal fees or costs against any party.

## V

Applicable statutes of limitations are tolled during the pendency of the federal action which I now dismiss; the dismissal is without prejudice to the merits of any claims or defenses asserted by the parties. See *Cullen v. Margiotta*, 811 F.2d 698, 727 (2d Cir.1987), *cert. denied* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987); *Town of Colonie v. Cahill*, 172 A.D.2d 904, 567 N.Y.S.2d 956 (3d Dept.1991); *Delgado v. New York City Dept. of Correction*, 797 F.Supp. 327, 329 (S.D.N.Y. 1992).

   The center of gravity of federal litigation subsequently shifted from diversity cases to those brought pursuant to the general federal question jurisdiction provided by 28 USC 1331. In 1980, Congress eliminated the former jurisdictional amount requirement under § 1331, thereby permitting injunctive actions to be considered without attempting to translate the issues at stake into a dollar amount in controversy, and creating the equivalent of a district court small claims jurisdiction under federal statutes. See *Dickman v. VA Hospital*, 148 F.R.D. 513 (S.D.N.Y.1993).

3. In *Milam v. State Farm*, 972 F.2d 166 (7th Cir.1992), a case filed before the 1988 amendment to 28 USC 1332, the citizenship of a plaintiff widow suing on her own account for her own benefit and as guardian of her own children was treated as controlling under prior Circuit precedent. The decision was grounded on "an oddity of Louisiana law ... based on the Code Napoleon," id. at 169, indicating that a decedent's estate is not able to sue, thus making the beneficiary a direct party rather than one represented by a fiduciary.

The Clerk is directed to close this case.

SO ORDERED.