James B. TANK, surviving son and
heir-at-law of Kathleen Tank,
deceased, Plaintiff,

v.

Bert CHRONISTER, M.D.,
et al., Defendants.

Civil Action No. 95–1540–FGT.

United States District Court,
D. Kansas.

Jan. 16, 1997.

Lynn R. Johnson, Anthony L. DeWitt, Shamberg, Johnson & Bergman, Overland Park, KS, for James B. Tank.

David E. Bruns, Curtis J. Waugh, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, Phillip P. Ashley, Williamson & Cubbison, Kansas City, KS, for Bert Chronister, MD.

David E. Bruns, Wayne T. Stratton, Curtis J. Waugh, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Board of Trustees of Wilson County Hospital.

### MEMORANDUM AND ORDER

THEIS, Senior District Judge.

This is one of two actions arising from the death of Kathleen Tank. Plaintiffs in both cases alleged that the defendants committed malpractice in treating the decedent, who died of pneumonia. This case is brought under the Kansas wrongful death statute. K.S.A. § 60–1901 to –1905. The plaintiff in this action, James Tank, is the adult son and heir at law of the decedent.[1] James Tank was allegedly a citizen of Wisconsin at the time this action was filed.[2] Both defendants are Kansas citizens, as was Kathleen Tank. The plaintiff alleges diversity of citizenship as the basis for federal court jurisdiction.

The matter is before the court on defendants' joint motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). (Doc. 30). Defendants argue that there is not diversity of citizenship because, for the purposes of diversity jurisdiction, a person bringing a wrongful death action should be deemed to be a citizen of the same state as the decedent.

Kansas law provides a cause of action for wrongful death. "If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom...." K.S.A. § 60–1901. K.S.A. § 60–1902 states who may bring such an action:

The action may be commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of the death. Any heir who does not join as a party plaintiff in the original action but who claims to have been damaged by reason of the death shall be permitted to intervene therein. The action shall be for the exclusive benefit of all of the heirs who has sustained a loss regardless or whether they all join or intervene therein, but the amounts of their respective recoveries shall be in accordance with the subsequent provisions of this article.

■ The parties disagree as to the application of the diversity jurisdiction statute, 28 U.S.C. § 1332, to wrongful death actions brought under Kansas law. As part of the Judicial Improvements Act of 1988, § 1332 was amended to provide, in relevant part, that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as decedent" for the

---

1. The other action, brought by Douglas Tank as administrator of Kathleen Tank's estate, was dismissed by Judge Marten of this court. *Tank v. Chronister*, 941 F.Supp. 969 (D.Kan.1996); 1996 WL 432369, No. 95–1539–JTM (July 24, 1996).

2. It is unclear whether there is a factual dispute concerning where plaintiff resides. For the purpose of ruling on this motion, the court accepts as true plaintiff's allegation that he lived in Wisconsin at the time the lawsuit was filed.

purpose of determining diversity jurisdiction. Pub.L. 100–702, § 102(a), 102 Stat. 4642 (1988). This portion of the 1988 amendment was enacted to prevent the manufacture of diversity jurisdiction by the appointment of a representative from another state. 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3640 (Supp.1996). The amendment does not specifically address wrongful death actions brought by one heir, with recovery to benefit all heirs. However, defendants argue that § 1332(c)(2) should be interpreted broadly enough to reach that situation.

The courts have had very few opportunities to consider the application of § 1332(c)(2) to wrongful death cases, and there have been no cases dealing with a statute exactly like the Kansas wrongful death statute. In *Green v. Lake of the Woods County*, 815 F.Supp. 305 (D.Minn. 1993), the court considered the application of § 1332(c)(2) to wrongful death actions brought under Minnesota law. Under Minnesota law, a wrongful death action is brought by a "trustee" who is appointed upon petition by the surviving spouse or next of kin, with any recovery to benefit the surviving spouse or next of kin. Minn.Stat. § 572.02.

The court started with the uncontroverted premise that the general purpose of the 1988 amendment to § 1332 was to limit diversity jurisdiction. *Id.* at 307. As for § 1332(c)(2), it was enacted to prevent the collusive appointment of an out-of-state representative to create diversity jurisdiction. *Id.* Before the 1988 amendment, there was a split among the circuits regarding how to address this type of manufactured diversity, and § 1332(c)(2) was intended to bring consistency to this issue. *Id.* The court noted that the goals of consistency and preventing manufactured diversity would not be served by a narrow interpretation of § 1332(c)(2). If it were limited to administrators and executors of estates, this would lead to differing results based on how the state legislature named its "legal representatives." *Id.* at 308.

The court also considered the history of the language in § 1332(c)(2). In 1969, in an effort to resolve the circuit split, the American Law Institute proposed a per se rule which stated:

"An executor, administrator, or any person representing the estate of a decedent or appointed pursuant to statute with authority to bring an action for wrongful death is deemed to be a citizen only of the same state as the decedent."

■ This court agrees with the court in *Green* that in enacting § 1332(c)(2), Congress adopted the ALI approach and chose the term "legal representative of the estate of a decedent" merely as a substitute for the various fiduciaries listed in the ALI proposed rule. *Id.* Congress, therefore, intended the category of legal representatives to include more than administrators and executors of estates.

The *Green* court held that § 1332(c)(2) did apply to the Minnesota wrongful death statute, and that, therefore, the trustee appointed to bring a wrongful death action under Minnesota law is deemed a citizen of the same state as the decedent. *Id.*

■ The only difference between the Kansas wrongful death statute and the Minnesota statute is that the Kansas law does not require the official appointment of a trustee, but rather allows suit to be brought by any heir at law for the benefit of all heirs. K.S.A. § 60–1902. Contrary to the plaintiff's argument, the court does not believe federal jurisdiction should depend on this type of procedural distinction between various state laws. Defining the parameters of diversity jurisdiction is a matter of federal law, and should not be subject to definitions and procedures enacted by state legislatures. *See Green*, at 308. The court does not believe Congress, in amending the diversity statute, intended to vest such power in the state legislatures. It is the representative capacity in which a plaintiff brings a wrongful death action, and not the procedures by which a representative is chosen or the title which the representative is given under state law, which *triggers the concerns which* § 1332(c)(2) was enacted to address.

Furthermore, as another court has noted, the citizenship of the decedent is a "preexisting non-manipulable fact" on which the

court can base its jurisdictional ruling. *Liu v. Westchester County Med. Ctr.*, 837 F.Supp. 82, 84 (S.D.N.Y.1993). "This furthers the objective . . . of preventing forum shopping and avoiding unnecessary ancillary litigation concerning the jurisdictional issue." *Id.*

Plaintiff points to *Milam v. State Farm Mut. Auto. Ins. Co.*, 972 F.2d 166 (7th Cir. 1992), a case which arose before the 1988 amendment. However, as plaintiff states, the rule that had governed in the 7th Circuit was substantially similar to the language of § 1332(c)(2). *Id.* at 168. The *Milam* case is based on Louisiana law, which requires wrongful death actions and survival actions to be brought by the heirs personally, rather than though a representative. *Id.* (citing La.Civ.Code. art. 2315.1).[3] In that case, the plaintiff brought the action on her own behalf and as guardian of her minor children. *Id.* at 167. There is nothing in the case law or in the Louisiana wrongful death statute to suggest that an heir who does not bring a claim or join in a wrongful death suit is entitled to a share of the recovery from a lawsuit brought by another heir.

Unlike Louisiana law, Kansas law permits one heir at law to bring a wrongful death action, and that person represents all the heirs for the purpose of determining liability and damages.[4] Again, it is this representative capacity which raises the potential for manufactured jurisdiction that § 1332(c)(2) was enacted to prevent. This case is illustrative. If decedent's husband, a Kansas resident, had brought the wrongful death action, there would be no question that diversity of citizenship is lacking. James Tank denies that he is acting as plaintiff to create diversity jurisdiction, but the potential for forum shopping remains, regardless of this plaintiff's motives. A secondary purpose of § 1332(c)(2) was to create a bright line rule and thereby avoid side litigation regarding the motivation for choosing a particular representative. 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3640 (Supp.1996).

Plaintiff argues that there is a great threat of local prejudice against this plaintiff, who resides in a state other than Kansas. The court disagrees. As the *Liu* court noted, such prejudice is unlikely in a wrongful death action in which the decedent resided in the same state as the defendant. *Liu*, 837 F.Supp. at 84. Thus, the court's interpretation of § 1332(c)(2) respects the purpose behind federal court diversity jurisdiction. *Id.*

For the foregoing reasons, the court concludes that one who brings a wrongful death action under Kansas law is a "legal representative of a decedent's estate" for purposes of § 1332(c)(2) and is therefore deemed to be a citizen of the same state as the decedent. In this case, then, the plaintiff, James Tank, is deemed to be a citizen of the state of Kansas. Because the defendants are also citizens of Kansas, there is no diversity of citizenship and the case must be dismissed for lack of subject matter jurisdiction.

■ Plaintiff next argues that the defendants should be liable for costs and attorney fees resulting from what plaintiff alleges is an unreasonable delay in filing the motion to dismiss. The court may award costs and attorney fees against a party who has raised a jurisdictional issue after an unexcused delay. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 911 (10th Cir.1974) (costs and fees awarded where defendant did not raise issue of jurisdictional defect until after adverse judgment had been issued). This action was filed in December 1995, and the motion to dismiss was filed in July 1996. The court finds the seven-month delay was reasonable, particularly given the procedural posture of this case, as well as the companion case. Although the parties proceeded with discovery during those seven months, there is no reason to believe the fruits of discovery cannot be used if this action is refiled in state court.

---

3. *Milam* was actually brought under La.Civ.Code art. 2315.1, which is the survival action statute. However, art. 2315.2, the wrongful death statute, includes identical language with regard to the proper parties to bring suit.

4. Apportionment of damages is determined in a separate proceeding after reasonable notice is given to all known heirs having an interest in the recovery. K.S.A. § 60–1905.

**IT IS BY THIS COURT ORDERED** that defendants' motion to dismiss (Doc. 30) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiff's request for costs and attorney fees is hereby denied.

This case is hereby dismissed without prejudice.