David MARLER, surviving spouse
of Brandi Marler, deceased,
Plaintiff,

v.

John HIEBERT, M.D., Defendant.

Civil Action No. 96–2226–KHV.

United States District Court,
D. Kansas.

April 11, 1997.

Victor A. Bergman, Stephen N. Six, Shamberg, Johnson & Bergman, Overland Park, KS, for David Marler.

Jeffrey W. Jones, Thomas L. Theis, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for John Hiebert, M.D.

Thomas E. Wright, Donald S. Lee, Wright, Henson, Somers, Sebelius, Clark & Baker,

Topeka, KS, for Board of Trustees of Lawrence Memorial Hosp.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on defendant's *Motion To Dismiss* (Doc. # 82) filed March 3, 1997. Plaintiff brings this action for wrongful death of his wife, Brandi Marler, pursuant to K.S.A. §§ 60–1901 and 1902. Federal jurisdiction is based exclusively on diversity of citizenship. Defendant claims that the Court lacks subject matter jurisdiction over plaintiff's claims because there is no diversity of citizenship as required by 28 U.S.C. § 1332. Because the Court finds its exercise of diversity jurisdiction is proper, defendant's motion is overruled.

Plaintiff is a citizen of Alabama and defendant is a citizen of Kansas. Brandi Marler was also a citizen of Kansas at the time of her death. Defendant argues that there is no diversity of citizenship because, for purposes of diversity jurisdiction, a person bringing a wrongful death action in Kansas should be deemed a citizen of the same state as the decedent under 28 U.S.C. § 1332(c)(2). That section provides: *"the legal representative of the estate of a decedent* shall be deemed to be a citizen only of the same State as the decedent...."* (emphasis supplied). Additionally, defendant asserts that this Court should follow the recent opinion in *Tank v. Chronister,* 951 F.Supp. 182, 185 (D.Kan.1997), holding that one who brings a wrongful death action under K.S.A. § 60–1902 is a legal representative of the decedent's estate for purposes of 28 U.S.C. § 1332(c)(2). For the following reasons this Court respectfully disagrees with *Tank* and finds that a plaintiff who brings a wrongful death action under that section is not a legal representative of the decedent's estate for purposes of diversity jurisdiction.

### Analysis

Under Kansas law at least two causes of action can arise when a person is killed due to the alleged negligence of another. Under K.S.A. § 60–1801, the administrator of the decedent's estate may bring a cause of action for the decedent's injuries prior to death ("survival action"). Conversely, under K.S.A. § 60–1902, an heir of the decedent may bring a wrongful death action for the loss suffered by all heirs after death. Clearly, Section 1332(c)(2) applies to a survival action brought under K.S.A. § 60–1801, because the administrator is the legal representative of the decedent's estate. *See e.g,, Goldsmith v. Learjet, Inc.,* 90 F.3d 1490 (10th Cir.1996); *Hembree v. Tinnin,* 807 F.Supp. 109 (D.Kan.1992).

In this case, however, plaintiff brings only an action for wrongful death under K.S.A. § 60–1902 in his capacity as Brandi Marler's heir. He is in no way representing or acting for Brandi Marler's estate. The plain language of Section 1332(c)(2) is therefore not applicable to this case.

The Court's reasoning mirrors that of the American Law Institute Study which explained the proposed amendment to Section 1332(c)(2) ultimately adopted, in relevant part, in 1988.

> The phrasing "any person representing the estate of a decedent...." does not include a person given by statute a right to bring an action in his own name because of a decedent's death by reason of his relationship to the decedent (e.g., a widow or child of the decedent); such a person retains such right of access to a federal court as his own citizenship gives him. The imposition upon diversity jurisdiction has been the appointment of out-of-staters to create diversity, and there seems no sufficient reason to cover a person whose right to sue is because of his relationship rather than by appointment.

American Law Institute, *Study of the Division of Jurisdiction Between State & Federal Courts* 118 (1968). For this reason, the Court finds that plaintiff is not a representative of Brandi Marler's estate for purposes of 28 U.S.C. § 1332(c)(2). Accordingly there is complete diversity between the parties and defendant's motion must be overruled.

**IT IS THEREFORE ORDERED** that defendant's *Motion To Dismiss* (Doc. # 82)

filed March 3, 1997, be and hereby is over-ruled.