**Angela Renea WINN, Individually and as Surviving Heir of the Deceased Victim, Kevin Douglas Winn, Individually and as Next Friend of Jessica Paige Winn, minor,**

v.

**PANOLA–HARRISON ELECTRIC COOPERATIVE, INC., et al.**

No. 2:97CV5.

United States District Court, E.D. Texas, Marshall Division.

June 9, 1997.

Edward Lewis Hohn, Nix Law Firm, Daingerfield, TX, for Plaintiff.

James Warren Grau, Grau & Bassett, Dallas, TX, Walter F. Palmer, Thomas Wyatt Key, Palmer Law Firm, Inc., Marshall, TX, for Defendants.

## ORDER

FOLSOM, District Judge.

CAME ON this day Defendants Motion to Reconsider Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. After considering the Motion, the Court finds that it is not well taken and should be denied.

Defendants request the Court to reconsider their Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendants assert that the Memorandum Opinion and Order, issued by the Court on April 21, 1997 only addressed the jurisdictional deficiency raised by Defendants in their initial Motion to Dismiss for Lack of Subject Matter Jurisdiction, i.e., the domicile of Plaintiff Angela Renea Winn. They admonish the Court that the Order wholly fails to address Defendants' contention that diversity jurisdiction is lacking pursuant to 28 U.S.C. § 1332(c)(2).

This position was asserted as an alternative basis for dismissal of this suit in Defendants' Motion to Strike Plaintiffs' Response and Brief in Support to Defendants' Motion to Dismiss for Lack of Subject Matter Juris-

diction. Defendants cite three cases for the proposition that where a person brings an action to recover damages for the death of the decedent under a state's wrongful death act, such person is acting as the "legal representative" of the estate of the decedent within the meaning of 28 U.S.C. § 1332(c)(2). *Tank v. Chronister,* 951 F.Supp. 182, 185 (D.Kan.1997); *Liu v. Westchester County Medical Center,* 837 F.Supp. 82, 83 (S.D.N.Y. 1993); *Green v. Lake of the Woods County,* 815 F.Supp. 305, 309 (D.Minn.1993). 28 U.S.C. § 1332(c)(2) instructs that "the legal representative of the estate of the decedent is deemed to be a citizen only of the same state as the decedent...." In conclusion, Defendants strenuously urge that the only way that the Court can sustain diversity jurisdiction is to reject the holdings of these courts that have applied 28 U.S.C. § 1332(c)(2) to wrongful death situations.

In spite of this vigorous advocacy, the Court finds Defendants position without merit. In *Green,* Plaintiff was appointed as trustee for decedent's next of kin under Minnesota's Wrongful Death Act and then brought an action on behalf of the heirs of the decedent. *Green,* 815 F.Supp. at 306. The court held that Plaintiff, as appointed trustee under Minnesota's Wrongful Death Act, was a "legal representative of the estate of a decedent" within the meaning of 28 U.S.C. § 1332(c)(2) and, therefore, that decedent's citizenship controlled. *Id.* at 309. The court reasoned that Congress chose the single term "legal representative" as a simple and encompassing term for fiduciaries representing the estate of a decedent or those appointed pursuant to statute with authority to bring a wrongful death action. *Id.* at 308.

Similarly, the *Liu* court held that nominal plaintiffs bringing wrongful death suits are "representatives" of an "estate" of the decedent for purposes of 28 U.S.C. § 1332(c)(2), although defined by wrongful death statutes and decisions rather than by testamentary instruments. *Liu,* 837 F.Supp. at 83. The court reasoned that wrongful death actions are brought by fiduciary nominal plaintiffs seeking to recompense beneficiaries, in the generic as well as often in the testamentary sense, of the decedent. *Id.*

Finally, Defendants rely heavily on *Tank,* in which the U.S. District Court for the District of Kansas considered a wrongful death action brought under the Kansas wrongful death statute by the decedent's brother. The court concluded that one who brings a wrongful death action under Kansas law is a legal representative of a decedent's estate for purposes of § 1332(c)(2) and is therefore deemed to be a citizen of the same state as the decedent. *Tank,* 951 F.Supp. at 185. The court observed that Kansas law permits one heir at law to bring a wrongful death action, and that person represents all the heirs for the purpose of determining liability and damages. *Id.*

However, as Plaintiffs readily point out, Defendants have wholly failed to address the case *Marler v. Hiebert,* 960 F.Supp. 253 (D.Kan.1997), also decided by the District Court of Kansas. In *Marler,* the plaintiff was a citizen of Alabama and the defendant was a citizen of Kansas, as was the decedent at the time of her death. The court began its analysis by distinguishing between survival actions and wrongful death actions under Kansas law. The court opined that the administrator of the decedent's estate may bring a survival action for the decedent's injuries prior to death under K.S.A. section 60–1801, while an heir of the decedent may bring a wrongful death action for the loss suffered by all heirs after death under K.S.A. section 60–1902. *Id.* Respectfully disagreeing with *Tank,* the court held that 28 U.S.C. § 1332(c)(2) clearly applies to a survival action brought under K.S.A. section 60–1801, because the administrator is the legal representative of the decedent's estate, but that a plaintiff who brings a wrongful death action under K.S.A. section 60–1902 is not a legal representative of the decedent's estate for purposes of diversity jurisdiction. *Id.* Because the plaintiff had brought only an action for wrongful death under K.S.A. section 60–1902 in his capacity as the decedent's heir and was in no way representing or acting on behalf of the decedent's estate, the court found that he was not a "legal representative" for purposes of Section 1332(c)(2). Therefore, complete diversity existed between the parties. *Id.*

With regard to the factual situation in the present case, this Court rejects the holdings of *Green, Liu, and Tank* and, instead, adopts the sound reasoning employed in *Marler*. As noted by Plaintiffs, only *Marler* analyzes the distinction between a wrongful death statute and a survival statute. Under Texas law, a cause of action exists under the Texas Wrongful Death Statute for the benefit of the surviving spouse, children, and parents of the deceased as set forth in Texas Civil Practice and Remedies Code §§ 71.002–71.004. The Texas Survival Statute creates a cause of action in favor of the heirs, legal representatives, and estate of the injured person as set forth in Texas Civil Practice and Remedies Code § 71.021. The Court agrees with the *Marler* court and finds that the plain language of 28 U.S.C. § 1332(c)(2) refers to a claim brought under a survival statute and not a wrongful death statute. Although Section 1332(c)(2) may have been enacted in an attempt to prevent the collusive appointment of out of state parties to create diversity jurisdiction, to construe the statute in the manner advanced by Defendants would unduly restrict the ability to bring wrongful death actions in federal court. For example, the surviving parents of an adult child who had grown up in New York and then established citizenship in Texas where he was killed by a Texas defendant would be deprived of bringing a wrongful death action in federal court. Although local prejudice may be most unlikely to exist in wrongful death suits in which the decedent and defendants were citizens of the same State,[1] such a scenario would surely increase the potential for local prejudice, which diversity jurisdiction was designed to reduce.

In the present case, Plaintiffs have not brought this action on behalf of the decedent's estate and are not acting in a representative capacity for the estate. Were this action to be successful, the estate of Kevin Winn would derive no benefit. The estate is not a party to the action. In short, Plaintiffs are not bringing a claim under the Texas Survival Statute, but rather under the Texas Wrongful Death Statute. Thus, the Court is of the opinion that 28 U.S.C. § 1332(c)(2) does not apply to this case. Complete diversity jurisdiction exists.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Reconsider Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby DENIED.

---

1. *Liu v. Westchester County Medical Center,* 837    F.Supp. 82, 84 (S.D.N.Y.1993).