# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2320

_____

| | | |
|---|---|---|
| Julie M. Steinlage, trustee for the heirs of Dolores May Smith, | * * * | |
| Plaintiff - Appellant, | * * | |
| v. | * * * | Appeal from the United States District Court for the District of Minnesota. |
| Mayo Clinic Rochester, a Minnesota corporation, | * * | |
| Defendant - Appellee. | * | |

_____

Submitted: **November 14, 2005**

Filed: January 30, 2006

_____

Before **WOLLMAN, FAGG, and MELLOY, Circuit Judges.**

_____

MELLOY, Circuit Judge.

Dolores May Smith, a citizen of Minnesota, died after doctors who worked for the defendant allegedly failed to properly diagnose her illness. Ms. Smith's daughter, Julie Steinlage, brought this wrongful death action as a court-appointed wrongful death trustee under Minn. Stat. Ann. § 573.02. Ms. Steinlage is a citizen of Nevada. During trial, the defendant moved to dismiss for lack of jurisdiction, arguing that 28 U.S.C. § 1332(c)(2) required the court to impute the decedent's Minnesota citizenship

to Ms. Steinlage for diversity purposes. The district court found that § 1332(c)(2) applied and dismissed the case. Ms. Steinlage appeals, and we reverse. A Minnesota wrongful death trustee is a representative of a decedent's surviving spouse, next of kin, and certain enumerated creditors, but not a representative of a decedent's estate as required by the plain language of § 1332(c)(2). Accordingly, a Minnesota wrongful death trustee's own state of citizenship controls for purposes of diversity jurisdiction.

I.

The facts relevant to this appeal are undisputed. If § 1332(c)(2) applies, complete diversity is destroyed and the federal courts lack jurisdiction. If § 1332(c)(2) does not apply, Ms. Steinlage, as a Nevada citizen, may maintain this diversity action against the Minnesota defendant. This case presents two questions of law: first, does a Minnesota wrongful death trustee represent the estate of a decedent; second, if a Minnesota wrongful death trustee does not technically represent the estate of a decedent, does 28 U.S.C. § 1332(c)(2) nevertheless apply? We address these issues in turn.

A. The Minnesota Statute

Minnesota's wrongful death statute provides for the appointment of a wrongful death trustee to sue for the recovery of pecuniary loss suffered by a decedent's surviving spouse and next of kin as well as for recovery on behalf of a few specifically enumerated creditors. Minn. Stat. Ann. § 573.02. The statute specifically provides:

> Subdivision 1. Death action. When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 3 may maintain an action therefor if the decedent might have maintained an action, had the decedent lived, for an injury caused by the wrongful act or omission. . . . *The recovery in the action* is the amount the jury deems fair and just in reference to the pecuniary

loss resulting from the death, and *shall be for the exclusive benefit of the surviving spouse and next of kin*, proportionate to the pecuniary loss severally suffered by the death. The court then determines the proportionate pecuniary loss of the persons entitled to the recovery and orders distribution accordingly. *Funeral expenses and any demand for the support of the decedent allowed by the court having jurisdiction of the action, are first deducted and paid.* Punitive damages may be awarded as provided in section 549.20.

If an action for the injury was commenced by the decedent and not finally determined while living, it may be continued by the trustee for recovery of damages *for the exclusive benefit of the surviving spouse and next of kin*, proportionate to the pecuniary loss severally suffered by the death. The court on motion shall make an order allowing the continuance and directing pleadings to be made and issues framed as in actions begun under this section.

Subd. 2. When injury is caused to a person by the wrongful act or omission of any person or corporation and the person thereafter dies from a cause unrelated to those injuries, the trustee appointed in subdivision 3 may maintain an action for special damages arising out of such injury if the decedent might have maintained an action therefor had the decedent lived.

Subd. 3. Trustee for action. Upon written petition by the surviving spouse or one of the next of kin, the court having jurisdiction of an action falling within the provisions of subdivisions 1 or 2, shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein. The trustee, before commencing duties shall file a consent and oath. Before receiving any money, the trustee shall file a bond as security therefor in such form and with such sureties as the court may require.

Id. (emphasis added).

A companion provision to Minnesota's wrongful death statute is Minn. Stat. Ann. § 573.01 regarding the survival of causes of action. Section 573.01 specifically provides:

> A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter.

Read together, these two provisions demonstrate that, upon death, the right to maintain existing actions based on personal injury to the decedent, as well as the right to institute new actions based on personal injury, belong to the wrongful death trustee. Any recovery in either type of action under section 573.02 inures *exclusively* to the benefit of the surviving spouse and next of kin except for the payment of funeral expenses and claims related to the support of the decedent. The wrongful death trustee is not authorized to obtain a judgment for the benefit of general creditors who may have claims against the decedent's estate.[1]

By contrast, if an injured party survives, litigates a personal injury action to completion, and recovers a judgment, anything recovered is subject to the claims of general creditors because the judgment is in favor of the injured party. Even where an aggrieved party dies, causes of action other than personal injury actions may be maintained post-death by the "personal representatives of the [decedent]." Minn. Stat.

---

[1]The Minnesota Supreme Court, in <u>Shumway v. Nelson</u>, 107 N.W.2d 531, 533 (Minn. 1961), stated:

> Actions brought under § 573.02 are distinguishable from causes of action which are said to survive the decedent. This statute creates an entirely new cause of action for the purpose of compensating the next of kin who have suffered pecuniary loss by reason of the death of the decedent. It is not brought for the benefit of the decedent.

Ann. § 573.01. In Minnesota, a statutory wrongful death trustee is not a personal representative of the decedent, Shumway, 107 N.W.2d at 533, and has no authority to maintain the type of actions described in Section 573.01 that might result in judgments available to satisfy the claims of general creditors.

Sections 573.01 and 573.02, therefore, operate together to draw a clear distinction between (1) the personal representatives of the decedent (administrator, executor, etc.) and (2) the wrongful death trustee as the personal representative of the decedent's surviving spouse and next of kin. The decedent's estate and general creditors who hold claims against a decedent's estate cannot collect against judgments obtained by the wrongful death trustee because the wrongful death trustee is expressly authorized only to obtain judgments on behalf of persons who are separate from the estate of the decedent. See Martz v. Revier, 170 N.W.2d 83, 85 (Minn. 1969) ("recovery for wrongful death is not a part of the decedent's estate").

Prior to a 1951 amendment, Minnesota's wrongful death statute actually did permit the "personal representative of the decedent" to bring a wrongful death action. See Minn. Stat. Ann. § 573.02 (1950). Even then, however, the recovery in such an action was not in any manner obtained for the benefit of the estate. Rather, it was obtained exclusively for the benefit of the surviving spouse and next of kin as the enumerated beneficiaries under the then-controlling version of the wrongful death statute. Id. In other words, under that prior statute the personal representative of a decedent was empowered to serve a dual role.

Even before that time, the Minnesota Supreme Court had clarified that any recovery in a wrongful death action was separate and distinct from the general estate:

> The damages do not go to the estate of the decedent for distribution under the laws of descent. This money is not liable for debts of [the] decedent, but belongs exclusively to those named in the statute. The probate court has no jurisdiction over this money. It must be handled

> under the jurisdiction of the district court.  The widow cannot select her $500 worth of personal property, under the statute of descent, from this money.  This money never belonged to the decedent.  The statute, however, regulates the proportion in which damages recovered shall be distributed.  This language is clear.

Masek v. Hedlund, 202 N.W. 732, 732 (Minn. 1925) (internal citation omitted).  Accordingly, under prior law, when a personal representative of the decedent could bring a Minnesota wrongful death action, the personal representative did not do so as a representative *of the decedent's estate*, but rather, as a representative of the wrongful death beneficiaries.  Further, under current Minnesota law, only a court-appointed wrongful death trustee may maintain a wrongful death action, and the wrongful death trustee does not represent the estate of the decedent.

Finally, we note our disagreement with a statement contained in dicta in James v. Three Notch Med. Ctr., 966 F. Supp. 1112, 1114 (M.D. Ala. 1997), cited by the defendant, regarding Minnesota's wrongful death statute.  In that case, the court stated that wrongful death statutes that allow some recovery on the part of the estate fall within the scope of § 1332(c)(2).  The court proceeded to state that Minnesota's wrongful death statute permitted "some recovery on the part of the estate."  This statement, presumably, was based on that portion of Minn. Stat. Ann. § 573.02 which specifically allows for the payment of funeral expenses and claims for support of the decedent along with payment of damages to the surviving spouse and next of kin.  The payment of such expenses does, necessarily, reduce expenses that might evolve into potential claims against the estate.  In this manner, proceeds from a wrongful death action may reduce potential liabilities of the estate and thereby, indirectly, provide a gross benefit to the estate.  Minnesota's legislature, however, made the specific choice to enumerate two specific types of expenses as the sources for potential claims against wrongful death proceeds.  It did not elect to make wrongful death proceeds generally available for the estate or available to satisfy the claims of general creditors.  As such, it may be appropriate to view the Minnesota wrongful death statute as providing some

indirect benefit to the estate, but we do not believe it is possible to say that the Minnesota wrongful death statute creates a trustee who represents the estate of the decedent.

## B.  The Federal Statute

Because a Minnesota wrongful death trustee does not represent the estate, it is necessary to determine whether 28 U.S.C. § 1332(c)(2) applies to representatives of persons other than the estate of the decedent.  The federal diversity jurisdiction statute, 28 U.S.C. § 1332, specifically provides:

> (c) For the purposes of this section and section 1441 of this title--
>
> (2) *the legal representative of the estate of a decedent* shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

(Emphasis added).

The plaintiff argues that we must take the text of the statute as a clear and controlling statement of congressional intent.  The defendant argues that legislative history reveals a congressional intent to limit the scope of diversity jurisdiction such that subsection (c)(2) should be interpreted to minimize diversity jurisdiction and apply to a broad class of representative plaintiffs (not just plaintiffs who technically represent the decedent's estate).

The parties agree that, in 1988, Congress passed § 1332(c)(2) and other amendments to the diversity statute as a means to limit the number of diversity cases in federal court.  See, e.g., H.R. Rep. 100-889, Subtitle B, Diversity Reform at *44-45 (1988) ("The provisions of this subtitle make amendments to reduce the basis for

-7-

Federal court jurisdiction based solely on diversity of citizenship."). In fact, "[a House Judicial Committee] Subcommittee on Courts, Civil Liberties, and the Administration of Justice adopted an amendment to generally abolish diversity of citizenship." Id. at 45. Congress, however, rejected the subcommittee's dramatic proposal to completely eliminate diversity jurisdiction, and instead, adopted § 1332(c)(2) regarding legal representatives. Congress also raised the amount in controversy from $10,000 to $50,000. PL 100-702 Title II, Sec. 201(a).

Looking beyond the House Report (there is no Senate Report), the parties agree that the text of § 1332(c)(2) was based on a 1969 American Law Institute legislative proposal. American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts § 1301(b)(4) at 11 (1969). That proposal provided:

> *An executor, administrator, or any person representing the estate of a decedent or appointed pursuant to statute with authority to bring an action for wrongful death* is deemed to be a citizen only of the same state as the decedent . . . . The purpose is to prevent either the creation or destruction of diversity jurisdiction by the appointment of a representative of different citizenship from that of the decedent or person represented.

Id., reprinted in Richard H. Field, Jurisdiction of the Federal Courts, 46 F.R.D. 141, 143 (1969) (emphasis added). The text that Congress actually adopted in 1988 eliminated the phrase, "[a]n executor, administrator, or any person representing the estate of a decedent or appointed pursuant to statute with authority to bring an action for wrongful death" and replaced it with the phrase "the legal representative of the estate of the decedent." 28 U.S.C. § 1332(c)(2).

The plaintiff in this action argues that because Congress specifically omitted from the ALI's proposed legislation the express language that listed representatives appointed under wrongful death statutes, it is clear that Congress did not intend to

apply the restrictions of § 1332(c)(2) to such persons. Looking at the same change of language, the defendant argues that Congress did not intend to limit the reach of § 1332(c)(2) through its facially more narrow word choice. Instead, the defendant argues, Congress meant the statute to apply to the same, broad list of representative plaintiffs set forth in the ALI proposal but elected the umbrella term "legal representative of the estate of the decedent" as an efficient means of drafting.

Under either party's interpretation, § 1332(c)(2) achieves the congressional goal of reducing the number of diversity cases. The difference in the caseload reduction brought about by the different interpretations is merely one of degree. Given this fact, it cannot be said that Congress's clear statement of general intent provides any guidance as to how broadly or narrowly we should interpret the statute. It certainly cannot be said that the undisputed, general statement of congressional intent contradicts the plain language of the statute. Because the plain text is unambiguous and the legislative history is equivocal at best, we are unwilling to depart from the text and ignore the express congressional election to limit application to "legal representative of the estate of the decedent."[2]

---

[2]The defendant raises an additional argument in favor of applying § 1332(c)(2) in actions brought by persons who are not technically the legal representatives of the estate of a decedent, namely, the need to prevent manipulation and collusive appointments of representatives merely to create or destroy diversity. See, e.g., Liu v. Westchester County Med. Ctr., 837 F. Supp. 82, 83 (S.D. N.Y. 1993) ("Holding the citizenship of the decedent, not the representative, controlling in diversity suits based on wrongful death makes a pre-existing non-manipulable fact determinative for diversity purposes."). In fact, at least one senator stated that such concerns motivated the 1988 changes to 28 U.S.C. § 1332(c)(2). 134 Cong. Rec. S16284-01 at S16299 (1988). This argument is unconvincing, however, because Congress provided a separate statutory provision to address this issue. See 28 U.S.C. § 1359 ("A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."). Accordingly, where a federal court finds that the representative plaintiff has been improperly or collusively appointed, jurisdiction is

The Seventh and Tenth Circuits agree. In <u>Tank v. Chronister</u>, 160 F.3d 597, 599-600 (10th Cir. 1998), the court analyzed the application of § 1332(c)(2) in a case brought under a Kansas wrongful death statute. Importantly, we find no material difference between the Kansas and Minnesota wrongful death statutes. Both provide for a representative plaintiff who represents the interests of statutory beneficiaries other than the decedent's estate. The court in <u>Tank</u> concluded that since the action was not for the benefit of the estate, the wrongful death trustee was not a legal representative of the estate, and the wrongful death trustee's citizenship controlled for purposes of diversity jurisdiction. <u>Id.</u> at 609. In <u>Milam v. State Farm Mut. Auto. Ins. Co.</u>, 972 F.2d 166 (7th Cir. 1992), the court applied Louisiana law and noted that, in accordance with "an oddity of Louisiana law," a decedent's estate was not "an entity on behalf of which a lawsuit can be brought." <u>Id.</u> at 168. As a result, a widow of the decedent brought the action on her own behalf and on her children's behalf, but not as the legal representative of the estate of the decedent. Accordingly, § 1332(c)(2) did not apply and the citizenship of the widow rather than citizenship of the decedent controlled.

_____

lacking regardless of § 1332(c)(2). Also, where the trustee is actually the decedent's next of kin, as in the present case (and therefore is, herself, one of the statutory wrongful death beneficiaries) there is no reason to presume collusion or manipulation. <u>Compare</u> <u>County of Todd, Minn. v. Loegering</u>, 297 F.2d 470, 473-74 (8th Cir. 1961) (refusing to apply 28 U.S.C. § 1359 in a case where the out-of-state daughter of the deceased served as the wrongful death trustee, stating, "[W]e find no acts of collusion or improprieties . . . where as here the daughter, under the Wrongful Death Statute, was duly appointed by the State District Court, and where in the process her qualifications were finally settled and determined"), <u>with</u> <u>Bartnick v. Reader Co.</u>, 487 F.2d 1021, 1022 (8th Cir. 1973) (dismissing a case brought by a South Dakota citizen as a wrongful death trustee on behalf of the Minnesota widow and Minnesota next of kin of a deceased Minnesota citizen, stating, "Under these circumstances, an appointment *solely to create diversity jurisdiction* will not be recognized by federal courts.") (emphasis added).

Other courts have followed this mode of analysis, given meaning to the federal statute's use of the term "estate," and examined the identity of the represented party to determine the applicability of § 1332(c)(2). See, e.g., Vaka v. Embraer-Empresa Brasileira De Aeronautica, S.A., 303 F. Supp. 2d 1333, 1334 (S.D. Fla. 2003) (finding § 1332(c)(2) applicable because, under Fla. Stat. § 768.20, "the action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors *and estate*") (emphasis added); Winn v. Panola-Harrison Elec. Coop., Inc., 966 F. Supp. 481, 483 (E.D. Tex. 1997) (finding § 1332(c)(2) inapplicable and noting that Texas, like Minnesota provides that wrongful death actions are for the benefit of the surviving spouse and children whereas other survival actions are for the benefit of the estate).[3]

Other courts have not taken this approach. Instead, these courts expressly adopted the defendant's legislative history argument or applied § 1332(c)(2) without analysis of the underlying wrongful death statute. See Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559 (11th Cir. 1994) (applying § 1332(c)(2) without analysis where a plaintiff brought suit in multiple representative capacities, including as the representative of a decedent's estate); Wheelock v. Sport Kites, Inc., 839 F. Supp. 730, 734 (D. Haw. 1993) (applying § 1332(c)(2) without analysis of the federal statute or the state wrongful death statute and stating that "[t]he relevant citizenship of plaintiffs in a wrongful death action is that of the decedent."); Liu, 837 F. Supp. at 84 (adopting the legislative history argument and applying § 1332(c)(2) in a wrongful death action where the nominal/representative plaintiff was a Maryland citizen and the deceased and defendants were New York citizens, but not addressing

---

[3]In James, 966 F. Supp. at 1114, the court adopted the legislative history argument set forth by the present defendants. That appears to have been unnecessary dicta, however, because the district court in James ultimately found "no contradiction" between § 1332(c)(2) and the Alabama Wrongful Death Statute because "a 'personal representative' under Alabama law is 'the legal representative of the estate of the decedent.'" Id. at 1116.

the specific question of whom the nominal plaintiff represented); <u>Green v. Lake of the Woods County</u>, 815 F. Supp. 305 (D. Minn. 1993) (finding § 1332(c)(2) applicable to a Minnesota wrongful death action based on an analysis of the federal legislative history, but not addressing the specific question of whether the Minnesota wrongful death trustee represented the estate of the decedent).

In <u>Green</u>, relied on by the district court below, the court accepted the legislative history argument and found it "clear that Congress chose the single term 'legal representative' as a simple—and encompassing—term." <u>Green</u>, 815 F. Supp. at 308. There, the court focused on the fact that the plaintiff, a Minnesota wrongful death trustee, was acting in a representative capacity. The court did not address the question of whether the wrongful death trustee actually represented the estate. Instead, the court stated that § 1332(c)(2) should apply broadly to representative plaintiffs such as trustees, administrators, and executors because "the name a given state legislature chooses for its 'legal representative of the estate of a decedent' should not govern federal diversity jurisdiction." <u>Id.</u> at 309. We agree with the general thrust of this statement— substance rather than labels should drive analysis. However, we believe that it remains necessary to determine whether representative plaintiffs, variously labeled by a state legislatures, represent the estates of decedents. That is what the federal statute requires, and what Minnesota law does not provide.

We reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

_____